## No. 5657.

## ANDREW IRVIN v. THE STATE.

MISDEMEANOR THEFT — PENALTY — CHARGE OF THE COURT having instructed the jury correctly as to the maximum fine and imprisonment which could be assessed as penalty for misdemeanor theft, was erroneous in failing to instruct that imprisonment could be inflicted without fine.

APPEAL from the County Court of Young. Tried below before the Hon. H. D. Williams, County Judge.

This conviction was for the theft of a ten dollar United States currency note, and the penalty assessed was a fine of fifty dollars and confinement in the county jail for thirty days.

The disposition made of this appeal does not demand a statement of the facts proved.

*C. W. Johnson*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried and convicted for theft of property under the value of twenty dollars, the case being a misdemeanor, and prosecuted by information. The punishment assessed by the verdict and judgment was imprisonment in the county jail for a period of thirty days and a fine of fifty dollars.

As to the penalty, the charge of the court instructed the jury that, if they found the defendant guilty, they would "assess his punishment at not more than one year's imprisonment in the county jail (during which time he may be put to hard labor) and a fine of not more than five hundred dollars." This charge was erroneous in that it failed to further instruct the jury that they might inflict the imprisonment without fine (Penal Code, art. 736), and the error is radical and fundamental, and to the prejudice of defendant. (Haynes v. The State, 2 Texas Ct. App., 84; Allen v. The State, 7 Texas Ct. App., 298; Veal v. The State, 8 Texas Ct. App., 475; Shears v. The State, Id., 467; Marks v. The

State, 10 Texas Ct. App., 334; Sanders v. The State, 17 Texas Ct. App., 222.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*